IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA THOMAS<br>122 Division Street<br>Muncy, PA 17756<br><br>    Plaintiff,<br><br>    v.<br><br>WEATHERFORD INTERNATIONAL, INC. d/b/a Weatherford International LTD.<br>2000 St. James Place<br>Houston, TX 77056; and<br><br>WEATHERFORD ARTIFICIAL LIFT SYSTEMS, LLC<br>c/o CT Corporations System<br>Two Commerce Square<br>2001 Market Street, Fifth Floor<br>Philadelphia, PA 19103<br><br>    Defendants. | CIVIL ACTION NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Pamela Thomas ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendants Weatherford International, Inc. and Weatherford Artificial Lift Systems, LLC ("Defendants"), alleges as follows:

### INTRODUCTION

1.  Plaintiff initiates this action contending that Defendants have violated her rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Specifically, Plaintiff contends that Defendants discriminated against her and terminated her employment on account of her sex, female, in violation of Title VII.

## PARTIES

2. Plaintiff Pamela Thomas is a citizen of the United States and Pennsylvania, where she currently maintains a residence at 122 Division Street, Muncy, PA 17756.

3. Upon information and belief, Defendant Weatherford International, Inc. is a multinational oil and gas service company that, all times relevant and material hereto, operated its business in the Commonwealth of Pennsylvania as Weatherford International LTD and/or Weatherford Artificial Lift Systems, LLC at the following address: 25 Energy Park Drive, Muncy, PA 17756.

4. Upon information and belief, Weatherford Artificial Lift Systems, LLC is a foreign corporation authorized to conduct business in the Commonwealth of Pennsylvania with a registered agent located at Two Commerce Square, Fifth Floor, Philadelphia, PA 19103. At all times relevant and material hereto, Weatherford Artificial Lift Systems, LLLC operated its business in the Commonwealth of Pennsylvania at 25 Energy Park Drive, Muncy, PA 17756.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are incorporated herein by reference as though the same were more fully set forth at length herein.

6. On or about April 25, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's Charge of Discrimination was docketed as Charge No. 530-2016-02522 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

7. By correspondence dated February 21, 2017, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendants.

8. On or about May 15, 2017, within the statutory timeframe applicable to her claims, Plaintiff filed the instant action.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the parties reside in this judicial district, doing business therein, and the unlawful employment practices of which Plaintiff is complaining were committed in this district.

**FACTUAL BACKGROUND**

14. Paragraphs 1 through 13 are incorporated herein by reference as though the same were more fully set forth at length herein.

15. At all times relevant and material hereto, Plaintiff was an employee of both Weatherford International, Inc. and Weatherford Artificial Lift Systems, LLC.

16. Plaintiff began her employment with Defendants in December 2011 in the position of Equipment Operator. Over the course of Plaintiff's employment with Defendants, Plaintiff received positive reviews of her performance, occasional raises, and no significant discipline.

17. On February 23, 2016, Plaintiff sustained an injury to her head while performing maintenance on a fracking pump (the "Pump") at one of Defendants' fracking sites in Muncy, Pennsylvania.

18. Plaintiff was injured after falling off of a service platform (the "Platform") which extends outward from the Pump itself. Plaintiff's fall was due in part to the fact that safety handrails affixed to the Platform had not been properly raised in accordance with Defendants' safety protocols.

19. Specifically, a truck situated next to the Pump had prevented the Platform from fully extending away from the Pump, which, in turn, had prevented the safety handrails from being properly raised as set forth above.

20. On the date of Plaintiff's injury, Plaintiff was working on the Pump with three other Equipment Operators, all of whom were male.

21. In accordance with Defendants' policies and protocols, an active fracking pump must always have at least one of its Equipment Operators designated as a "Safety Officer." The Safety Officer assigned to the pump on which Plaintiff was working was Ben Thomas ("Mr. Thomas").

22. One of the main responsibilities of a Safety Officer is to ensure that all safety protocols concerning fracking pumps are being followed by the Equipment Operators who are working on them. Defendants' policies further state that all Equipment Operators working on a pump share joint responsibility to ensure that applicable safety protocols are being followed.

23. All of the Equipment Operators working on the Pump along with Plaintiff were required to follow the same policies, practices, and protocols regarding the operation and maintenance of the Pump.

24. Nonetheless, approximately six (6) days after Plaintiff's fall off the Pump, Plaintiff's employment with Defendants was terminated for an alleged "safety violation" despite having no significant disciplinary activity in her personnel file.

25. Despite the fact that the other Equipment Operators working on the Pump, all of whom were male, shared joint responsibility for ensuring that all safety protocols were being followed, Plaintiff was the only Equipment Operator subject to any discipline.

26. Accordingly, Plaintiff avers that the reason provided for her termination, i.e. a "safety violation," was pretextual and that her termination was in-fact motivated by her sex, female, in violation of Title VII.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e,** *et seq.*
**Sex Discrimination**

27. Paragraphs 1 through 26 are incorporated herein by reference as though the same were more fully set forth at length herein.

28. Plaintiff was subjected to discrimination and disparate treatment, as described above, on the basis of her sex, female.

29. Defendants, in terminating Plaintiff's employment, treated Plaintiff differently and less favorably than male employees in the same and/or similar positions who were required to follow the same policies, practices, and protocols regarding the operation and maintenance of fracking pumps.

30. Defendants' conduct as alleged herein constitutes unlawful sex discrimination in violation of Title VII.

31. As a result of Defendants' deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

(1) Back wages and front pay, in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

(2) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

(3) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(4) Pre-judgment interest in an appropriate amount; and

(5) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                          Respectfully submitted,

                          **MURPHY LAW GROUP, LLC**

By:  _____
       Michael Murphy, Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 215.375.0961 or 267.273.1054
       murphy@phillyemploymentlawyer.com
       Attorney for Plaintiff

Dated: May 15, 2017

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.